UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MILTON DOWELL,

    Petitioner,

v.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 16-208-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Milton Dowell is currently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Dowell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Dowell's petition.

In 2002, a jury convicted Dowell of attempted possession with the intent to distribute cocaine and possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. The United States District Court for the Northern District of Illinois then sentenced Dowell to 360 months in prison. *See United States v. Dowell*, No. 1:99-cr-555 (N.D. Ill. 2002) at R. 83. Dowell filed a direct appeal, but the United States Court of Appeals for the Seventh Circuit affirmed Dowell's sentence. *See id.* at R. 101. Dowell then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but the trial court denied that motion and the Seventh Circuit denied Dowell a Certificate of Appealability. *See Dowell v. United States*, No. 1:06-cv-519 (N.D. Ill. 2006) at R. 12 and R. 25. Dowell later filed other motions for relief, but those motions were also denied. *See, e.g., id.* at R. 129. Finally, Dowell filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 in which he argued that his sentence was improperly enhanced, but this Court denied that petition. *See Dowell v. Quintana*, No.5:17-cv-071-JMH (E.D. Ky. February 24, 2017).

Dowell has now filed another § 2241 petition with this Court in which he challenges the validity of his convictions and sentence. Dowell is relying principally on the Supreme Court's decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015), and he suggests that, in light of *McFadden*, the trial court incorrectly instructed the jury regarding the mens rea element of at least one of the charged offenses and also erred in calculating his sentence. [R. 1 at 2-11].

Dowell's § 2241 petition, however, is an impermissible collateral attack on his convictions and sentence. That is because while a federal prisoner may challenge the legality of his convictions or sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Dowell cannot use his § 2241 petition as a way of challenging his convictions and sentence.

Dowell nevertheless argues that he *can* attack his convictions and sentence in his § 2241 petition by citing and discussing § 2255(e)'s savings clause. [R. 1 at 2]. But that argument is off base. The Sixth Circuit has said that "the so-called 'savings clause' . . . provides that if section 2255 is inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner

may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted). However, the Sixth Circuit has further explained that "[i]nvocation of the savings clause is restricted to cases where prisoners can show 'an intervening change in the law that establishes their actual innocence.'" *Id.* (quoting *Peterman*, 249 F.3d at 462). Then, in subsequent cases, the Sixth Circuit has explained precisely how a prisoner can rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or even challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Dowell claims that the jury instructions in his case were "ambiguous and misleading," and he suggests that the Supreme Court's 2015 decision in *McFadden* is the intervening change in the law that establishes his actual innocence and proves that his sentence was improper. [R. 1 at 2-7, 11]. But it is not entirely clear from Dowell's petition which precise jury instruction was allegedly improper. And, more importantly, it is not clear how *McFadden* is relevant to Dowell's case, let alone proves that he is innocent or was somehow sentenced improperly. After all, *McFadden* "concern[ed] the knowledge necessary for conviction under [21 U.S.C.] § 841(a)(1) when the controlled substance at issue is in fact an analogue"—a substance that is not listed on the federal drug schedules, like the bath salts at issue in that case. *McFadden*, 135 S. Ct. at 2302. Dowell, on the other hand, was convicted of attempted possession with the intent to distribute cocaine and possession with the intent to distribute cocaine, a substance which is specifically listed on the federal drug schedules. *See* 21 C.F.R. § 1308.12(b)(4). Thus, Dowell's case is clearly distinguishable from *McFadden*. Finally, it does not appear that Dowell otherwise meets all of the requirements set forth in either the *Wooten* or *Hill* cases. Therefore, Dowell's reliance on § 2255(e)'s savings clause is unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Dowell's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated August 1, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY